IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARIO BROWN, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | No. 16-CV-638-W-DGK (Crim. No. 11-CR-0095-W-DGK-1) |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

**<u>ORDER DENYING MOTION FOR POST-CONVICTION RELIEF</u>**

Movant Mario Brown ("Brown") pled guilty to attempted robbery under the Hobbs Act ("Hobbs Act robbery") and to brandishing a weapon in furtherance of a "crime of violence." *See* 18 U.S.C. §§ 1951(a), 924(c). Specifically, the Court found Brown's Hobbs Act robbery was the "crime of violence" required for the brandishing conviction. The Court sentenced him to 37 months' imprisonment for the robbery and 84 months—the statutory minimum—for the brandishing. Brown did not appeal.

Before the Court is Brown's amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 6). He argues that in light of a somewhat recent Supreme Court case, Hobbs Act robbery is not a "crime of violence" that could expose him to criminal liability for brandishing. He believes his conviction is unlawful and should now be vacated.

As explained below, an Eighth Circuit decision from two months ago forecloses Brown's argument. The Court DENIES the motion and DENIES a certificate of appealability.

**Discussion**

If a defendant brandishes a firearm while committing a "crime of violence," then he is subject to a higher mandatory minimum sentence. 18 U.S.C. § 924(c)(1)(A)(ii). A "crime of violence" is a felony that:

- **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
- **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). Subsection A is known as the force clause; Subsection B is the residual clause.

Brown argues that neither clause applies to his Hobbs Act robbery, so there is no basis for his brandishing conviction. The Court assumes without deciding that Brown is right about the residual clause. Turning to the force clause, Brown argues that Hobbs Act robbery may be committed in ways not involving "the use, attempted use, or threatened use of physical force against the person or property of another"—for example, by threatening injury to another's *intangible* property. Because Hobbs Act robbery is overinclusive of the force clause, Brown argues, the Court erroneously categorized his robbery conviction as a crime of violence.

Whatever the appeal of Brown's argument, the Eighth Circuit rejected it twenty years ago: "Hobbs Act robbery qualifies as a serious violent felony . . . ." *United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996). Brown tries to juke around *Farmer* with a 2010 Supreme Court decision that he believes abrogated *Farmer*, but he is again leveled by the Eighth Circuit, which affirmed *Farmer*'s vitality just two months ago. *United States v. House*, 825 F.3d 381 (8th Cir. 2016) ("[I]f we analyzed the lawfulness of [the defendant's] sentence under § 924(c), we would be bound by *Farmer*, where we concluded that Hobbs Act robbery has 'as an element the use, attempted use, or threatened use of physical force against the person of another.'" (internal

citation omitted)).[1]  Hearing no argument that *House* is distinguishable, the Court is therefore bound to follow *Farmer*.

Under *Farmer*, Brown's Hobbs Act robbery is categorically a "crime of violence" as used in the brandishing statute's force clause.  Therefore, Brown was not illegally sentenced for brandishing a firearm.  His motion is denied.

Because no reasonable jurist would grant any part of this motion, the Court denies Brown a certificate of appealability.  *See Tennard v. Dretke*, 542 U.S. 274, 276 (2004); 28 U.S.C. §§ 2255, 2253(c)(2).

## Conclusion

For the reasons above, Brown's amended § 2255 motion (Doc. 6) is DENIED.  A certificate of appealability is DENIED.

**IT IS SO ORDERED.**

Date:  August 25, 2016  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Although the *House* court gave an alternative basis to uphold the sentence on review, the *Farmer*-related holding still binds this Court.  *See Sutton v. Addressograph-Multigraph Corp.*, 627 F.2d 115, 117 n. 2 (8th Cir. 1980) (per curiam) ("When two independent reasons support a decision, neither can be considered obiter dictum, each represents a valid holding of the court.").